United States District Court
Northern District of California

|   |   |
|---|---|
| UNITED STATES DISTRICT COURT | |
| NORTHERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| JAIME DEGUZMAN, et al.,<br>  Plaintiffs,<br>v.<br>CRANE CO., et al.,<br>  Defendants. | Case No. 17-cv-02228-PJH<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO REMAND**<br>Re: Dkt. No. 88 |

Plaintiffs' motion to remand came on for hearing before this court on May 31, 2017. Plaintiffs appeared through their counsel, Mahzad Hite. Defendant Crane Co. ("Crane") appeared through its counsel, Matthew G. Ball. The appearances of other defendants are noted in the court's minute order. See Dkt. 128. Having read the papers filed by the parties and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby DENIES the motion to remand, for the reasons stated on the record at the hearing.

A civil action that "is against or directed to . . . any [United States] officer (or any person acting under that officer) . . . for or relating to any act under color of such office" is removable to federal court. 28 U.S.C. § 1442(a)(1). A party seeking removal under the federal officer removal statute must demonstrate that "[1] it is a 'person' within the meaning of the statute; [2] there is a causal nexus between its actions, taken pursuant to a federal officer's directions, and plaintiff's claims; and [3] it can assert a 'colorable' federal defense." Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1251 (9th Cir. 2006) (citations omitted); see also Leite v. Crane Co., 749 F.3d 1117, 1122–24 (9th Cir. 2014).

To establish the third element, Crane relies on the government contractor defense, which applies if "(1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States." Boyle v. United Techs. Corp., 487 U.S. 500, 512 (1988).

There is no dispute that Crane is a "person" under the removal statute. See <u>Fung v. Abex Corp.</u>, 816 F. Supp. 569, 572 (N.D. Cal. 1992). The notice of removal alleges a causal nexus between plaintiffs' claims and the actions allegedly taken at the behest of a federal officer. See Notice of Removal ¶¶ 9–14. Specifically, Crane submits a number of declarations averring that it acted under the direction of the Navy in the design and manufacture of the allegedly-defective valves, which the Navy supervised by mandating conformity with detailed specifications, which required asbestos.

Thus, as plaintiffs conceded at the hearing, Crane has a colorable federal defense to plaintiffs' design defect claim. "It is well settled that if one claim cognizable under Section 1442 is present, the entire action is removed, regardless of the relationship between the Section 1442 claim and the non-removable claims." <u>Nat'l Audubon Soc. v. Dep't of Water & Power of City of Los Angeles</u>, 496 F. Supp. 499, 509 (E.D. Cal. 1980) (citing <u>Murphy v. Kodz</u>, 351 F.2d 163 (9th Cir. 1965)). Thus, removal of the entire case was proper pursuant to 28 U.S.C. § 1442(a)(1).

Plaintiffs' representation, made for the first time in its reply brief, that "Plaintiffs will waive their design-defect claims against Crane so that this case can be remanded" does not change the analysis. See Reply at 8. The design defect theory against Crane is pleaded in the complaint, and Crane has asserted a colorable federal defense to that claim to support removal. If plaintiffs choose to amend their complaint and/or stipulate to dismissal of claims against Crane, the court will reconsider the possibility of remand upon plaintiffs' motion. However, as a general matter, "jurisdiction must be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments." <u>Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.</u>, 159 F.3d 1209, 1213 (9th Cir. 1998).

**IT IS SO ORDERED.**

Dated: May 31, 2017

_____
PHYLLIS J. HAMILTON
United States District Judge