LISA L. OBERG (SBN 120139)
Lisa.Oberg@dentons.com
ARLENE C. BARTON (SBN 188445)
Arlene.Barton@dentons.com
DENTONS US LLP
One Market Plaza, Spear Tower, 24th Floor
San Francisco, California 94105
*Telephone:* 415.267.4000
*Facsimile:* 415.267.4198

Attorneys for Defendant
VELAN VALVE CORP.

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAIME DEGUZMAN and LOIDA DEGUZMAN,<br>Plaintiffs,<br>v.<br>ALFA LAVAL, INC., *et al.*,<br>Defendants. | CASE NO. 4:17-cv-02228 - PJH<br><br>**DEFENDANT VELAN VALVE CORP.'S REQUEST FOR ADMISSIONS PROPOUNDED TO PLAINTIFF [SET ONE]**<br><br>Date Removed: April 21, 2017 *(Removed from Superior Court of the State of California for the County of Alameda Case No. RG17853902)* |

PROPOUNDING PARTY: Defendant VELAN VALVE CORP.

RESPONDING PARTY: Plaintiffs JAIME DEGUZMAN and LOIDA DEGUZMAN

SET NO.: ONE

Defendant VELAN VALVE CORP. ("DEFENDANT") hereby requests that plaintiff respond to the following request for admissions in accordance with *California Code of Civil Procedure* sections 2033.010-2033.300, in writing and under oath, within thirty (30) days.

**REQUESTS FOR ADMISSIONS**

**REQUEST FOR ADMISSION NO. 1:**

Admit that YOU never came into contact with ASBESTOS from any product

manufactured or distributed by DEFENDANT.

As used in this request for admission and throughout these requests, "YOU" shall mean plaintiff, plaintiff's attorney(s), employee(s), agent(s), investigator(s), and other person(s) working under their direction or on plaintiff's behalf.

As used in this request for admission and throughout these requests, "ASBESTOS" shall mean the naturally occurring mineral, in any form, whether YOU understand it to be dust, fibers or particles, and any product or substance manufactured from or containing ASBESTOS or ASBESTOS fibers.

As used in this request for admission and throughout these requests, "DEFENDANT" shall mean Velan Valve Corp.

**REQUEST FOR ADMISSION NO. 2:**

Admit that YOU have no facts or information to support YOUR contention that YOU were exposed to ASBESTOS from any product manufactured or distributed by DEFENDANT.

**REQUEST FOR ADMISSION NO. 3:**

Admit that YOU have no DOCUMENTS that support YOUR contention that YOU were exposed to ASBESTOS from any product manufactured or distributed by DEFENDANT.

As used in this request for admission and throughout these requests, "DOCUMENT" shall mean every writing or record, however produced, reproduced, or preserved, including, without limitation, every book, pamphlet, periodical, letter, memorandum, telegram, report, record, study, interoffice or intraoffice communication, memorandum reflecting oral communication, agreement, handwritten or other note, working paper, graph, application, permit, chart, drawing, diagram, schematic, paper, survey, index, tape, disc, data sheet, data processing card, computer printout, tracing, photograph, video tape, computer-readable media and all electronically maintained or transmitted information.

**REQUEST FOR ADMISSION NO. 4:**

Admit that YOU cannot IDENTIFY any WITNESSES who have knowledge or information that support YOUR contention that YOU were exposed to ASBESTOS from any product manufactured or distributed by DEFENDANT.

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

As used in this request for admission and throughout these requests, "IDENTIFY any WITNESSES" means to provide any, each of or all of the following: his or her full name, present or last known residence address, present or last known employment address and present or last known telephone number.

**REQUEST FOR ADMISSION NO. 5:**

Admit that YOU never came into contact with ASBESTOS from any original packing material in a product manufactured or distributed by DEFENDANT.

**REQUEST FOR ADMISSION NO. 6:**

Admit that YOU never came into contact with ASBESTOS from any original gasket material in a product manufactured or distributed by DEFENDANT.

**REQUEST FOR ADMISSION NO. 7:**

Admit that YOU have no facts or information to support YOUR contention that YOU were exposed to ASBESTOS from any original packing material in a product manufactured or distributed by DEFENDANT.

**REQUEST FOR ADMISSION NO. 8:**

Admit that YOU have no facts or information to support YOUR contention that YOU were exposed to ASBESTOS from any original gasket material in a product manufactured or distributed by DEFENDANT.

**REQUEST FOR ADMISSION NO. 9:**

Admit that YOU have no DOCUMENTS that support YOUR contention that YOU were exposed to ASBESTOS from any original packing material in a product manufactured or distributed by DEFENDANT.

**REQUEST FOR ADMISSION NO. 10:**

Admit that YOU have no DOCUMENTS that support YOUR contention that YOU were exposed to ASBESTOS from any original gasket material in a product manufactured or distributed by DEFENDANT.

**REQUEST FOR ADMISSION NO. 11:**

Admit that YOU cannot IDENTIFY any WITNESSES who have knowledge or

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

information that support YOUR contention that YOU were exposed to ASBESTOS from any original packing material in a product manufactured or distributed by DEFENDANT.

**<u>REQUEST FOR ADMISSION NO. 12</u>:**

Admit that YOU cannot IDENTIFY any WITNESSES who have knowledge or information that support YOUR contention that YOU were exposed to ASBESTOS from any original gasket material in a product manufactured or distributed by DEFENDANT.

**<u>REQUEST FOR ADMISSION NO. 13</u>:**

Admit that YOU have no evidence the DEFENDANT had any relationship with YOU.

**<u>REQUEST FOR ADMISSION NO. 14</u>:**

Admit that this DEFENDANT, or any employee, representative or other agent of DEFENDANT, never made any COMMUNICATION to YOU.

As used in this request for admission and throughout these requests, "COMMUNICATION" shall mean any oral, written or electronic transmission of information between PERSONS, including conversations, telephone calls, meetings, discussions, conferences, seminars, letters, memoranda, facsimiles, telecopies, telexes, e-mails, and on-line postings. As used in this interrogatory and throughout these interrogatories, "PERSON[S]"shall mean all natural persons, corporations, partnerships, firms, proprietorships, associations, governmental units, and every other type of organization or entity.)

**<u>REQUEST FOR ADMISSION NO. 15</u>:**

Admit that this DEFENDANT, or any employee, representative or other agent of DEFENDANT, never made any misrepresentation, whether of fact, intention or otherwise, to YOU.

**<u>REQUEST FOR ADMISSION NO. 16</u>:**

Admit that YOU have no evidence to support YOUR request for punitive damages against DEFENDANT as alleged in YOUR complaint.

**<u>REQUEST FOR ADMISSION NO. 17</u>:**

Admit that YOU have no DOCUMENTS to support YOUR contention that YOU are entitled to punitive damages against DEFENDANT.

**<u>REQUEST FOR ADMISSION NO. 18</u>:**

Admit that YOU cannot IDENTIFY any WITNESSES who have knowledge or information that support YOUR contention that YOU are entitled to punitive damages against DEFENDANT.

Dated: June 16, 2017

DENTONS US LLP

By: [signature]

LISA L. OBERG
ARLENE C. BARTON

Attorneys for Defendant
VELAN VALVE CORP.

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2017 a copy of the foregoing DEFENDANT VELAN VALVE CORP.'S REQUEST FOR ADMISSIONS PROPOUNDED TO PLAINTIFF [SET ONE] was electronically filed with the Court and served electronically through the CM-ECF (Electronic Case Filing) system on all counsel of record and to those registered to receive a Notice of Electronic Filing for this case. Parties may access this document through the Court's system.

ARLENE C. BARTON