UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOIDA DEGUZMAN, et al., <br> Plaintiffs, <br> v. <br> CRANE CO., et al., <br> Defendants. | Case No. 17-cv-02228-PJH <br><br> **ORDER GRANTING MOTION FOR EXTENSION OF TIME** <br><br> Re: Dkt. No. 346 |

On December 12, 2018, defendant Viking Pump, Inc. ("Viking") filed a motion to dismiss. The next day, Viking re-noticed that motion for hearing for a different date. Plaintiffs' opposition and Viking's reply remained due on December 26, 2018, and January 2, 2019, respectively. On January 2, 2019, Viking filed its reply, requesting the court grant its motion because plaintiffs failed to file an opposition. On January 3, plaintiffs filed a motion for extension of time to file the opposition pursuant to Rule 6(b) and attached the proposed late-filed opposition. Viking filed a timely opposition. Good cause appearing, the court GRANTS plaintiffs' motion.

Federal Rule of Civil Procedure 6(b) provides that "In General. When an act may or must be done within a specified time, the court may for good cause, extend the time: . . . (B) on motion made after the time has expired if the party failed to act because of excusable neglect." The "excusable neglect" standard "is at bottom an equitable" determination that takes "into account all relevant circumstances," including (1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay and (4) whether the moving party's conduct was in good faith. Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.

P'ship, 507 U.S. 380, 395 (1993).

In support of the motion, plaintiffs' counsel submitted a declaration explaining that after Viking re-noticed its motion for hearing, she reviewed L.R. 7-3 and determined that the new deadline to file plaintiffs' opposition was February 6, 2019. Specifically, plaintiffs' counsel "misread the rule as stating the opposition due date [w]as 14 days before [the] hearing on the motion rather than 14 days after the filing of the motion." Dkt. 346-1, ¶ 3.

At times, the Ninth Circuit has not looked kindly upon an attorneys' misreading or ignorance of the Federal Rules of Civil Procedure or a district court's local rules. See Kyle v. Campbell Soup Co., 28 F.3d 928, 931 (9th Cir. 1994), as amended on denial of reh'g (Apr. 8, 1994); Committee for Idaho's High Desert v. Yost, 92 F.3d 814 (9th Cir. 1996). However, in an en banc decision, the Ninth Circuit refused to adopt a rule that would make a mistake of law—such as a misreading or misinterpretation of the rules—per se inexcusable. Pincay v. Andrews, 389 F.3d 853, 859-60 (9th Cir. 2004). Instead, Pioneer requires a "contextual analysis" based on a "balancing of the factors." Id. at 859.

Here, Viking concedes that Pioneer's other three factors weigh in favor of plaintiffs. This court agrees. The court also notes that plaintiffs' counsel's misreading of L.R. 7-3, keying the opposition deadline off the hearing date, accords with prior versions of that rule. See L.R. 7-3 (effective September 2010). Further, plaintiffs' counsel acted expeditiously—by filing the Rule 6(b) motion and the proposed opposition—as soon as she was put on notice that she had missed the deadline to oppose Viking's motion. In addition, the court finds that plaintiffs' counsel has "otherwise been diligent" in prosecuting this action, see Pincay, 389 F.3d at 859, and has not demonstrated a pattern of negligence.

For the foregoing reasons, plaintiffs' motion is GRANTED. Plaintiffs shall re-file their opposition by January 11, 2019. Viking's reply, if any, is due January 18, 2019.

**IT IS SO ORDERED.**

Dated: January 10, 2019

_____
PHYLLIS J. HAMILTON
United States District Judge

2